UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MATTHEW ALWARD,

    Plaintiff,

v.

JORDAN RIECK, et al.,

    Defendants.
_____/

Case No. 1:24-cv-1228

Hon. Hala Y. Jarbou

## ORDER ADOPTING REPORT AND RECOMMENDATION

Matthew Alward, a prisoner who is proceeding pro se, objects to the report and recommendation of the magistrate judge (R&R, ECF No. 19) that this civil-rights suit be dismissed. Alward alleges that the warrant that resulted in his arrest for, and later conviction of, possessing over fifty grams of methamphetamine with intent to distribute was obtained based on a sham affidavit.

This Court is obliged to "determine de novo any part of" a magistrate judge's report and recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). That determination must be made based on the Court's "own review of the evidence" supporting the magistrate judge's findings. *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005). The Court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). After reviewing the R&R de novo in light of Alward's objections, the Court finds the objections meritless and dismisses this suit.

The magistrate judge found that Alward's claim is barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994), according to which a prisoner may not challenge the fact or

duration of their confinement through 42 U.S.C. § 1983 but must instead petition for a writ of habeas corpus. *See, e.g.*, *Kitchen v. Whitmer*, 106 F.4th 525, 539 (6th Cir. 2024).[1] Alward argues that because the *Heck* bar only applies to claims alleging infringement on Fourth Amendment rights, his claims concerning violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments may proceed.

Alward's objection bears no relation to the principles underlying the *Heck* doctrine. The purpose of the *Heck* bar is to funnel attacks on criminal convictions into the narrow procedural channels established for those challenges. That policy does not turn on the source of the right upon which the challenge is premised; it applies whenever a finding that a right was infringed would necessarily imply that the plaintiff's confinement is unlawful. *See Johnson v. Winstead*, 900 F.3d 428, 439 (7th Cir. 2018) (barring Fifth Amendment self-incrimination claim); *D.S. v. City of New York*, 736 F. App'x 284 (2d Cir. 2018) (barring Sixth Amendment ineffective-assistance-of-counsel claim); *Kitchen*, 106 F.4th at 542–43 (barring Eighth Amendment parole-eligibility claim); *Roberts v. O'Bannon*, 199 F. App'x 711, 713–14 (10th Cir. 2006) (barring Fourteenth Amendment equal-protection claim). Because the crux of Alward's allegations appears to be that he pleaded guilty because of evidence the government would not have obtained but for an invalid search warrant, his claim, if successful, would necessarily imply that his conviction was equally invalid. *See Holson v. Good*, 579 F. App'x 363, 365 (6th Cir. 2014) (barring challenge to unlawful search when search produced the only evidence supporting conviction). *Heck* bars exactly this type of case. *Maxwell v. Fields*, No. 1:23-cv-319, 2023 WL 8284236, at *2–3 (W.D. Mich. Nov. 3, 2023), *report and recommendation adopted*, 2023 WL 8280289 (W.D. Mich. Nov. 30, 2023); *Walker v.*

---

[1] The *Heck* doctrine applies "with equal force" to suits by federal prisoners for the same purpose, whether brought pursuant to section 1983 or another right of action. *Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397 n.4 (6th Cir. 1999), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007).

*Biddinger*, No. 1:21-cv-106, 2021 WL 1884539, at *3 (W.D. Mich. May 11, 2021).  Alward's primary objection is overruled.

The rest of Alward's objections point to no error of fact or law in the R&R but instead reiterate Alward's factual allegations and bemoan the "weaponizing" of the courts against him.  These complaints do not raise a disagreement with a specific determination, so any objection Alward sought to raise through those statements is forfeited.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Finally, the Court finds no plain error in the rest of the R&R.  Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 21) are **OVERRULED**.

**IT IS FURTHER ORDERED** the report and recommendation (ECF No. 19) is **APPROVED** and **ADOPTED** in full.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions for various forms of relief (ECF Nos. 4, 5, 6, 16, 17, 22) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to certify that an appeal would lack a good-faith basis.

A judgment consistent with this Order will issue.

Dated: May 8, 2025                                    /s/ Hala Y. Jarbou
                                                                    HALA Y. JARBOU
                                                                    CHIEF UNITED STATES DISTRICT JUDGE